**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

GLOBAL BROTHER SRL,

     Plaintiff,

     v.

BRIAN TING D/B/A KLAVIA AND D/B/A
KLAVIA.SHOP,

     Defendants.

C.A. No. 26-_____

**COMPLAINT**

Plaintiff Global Brother SRL ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant BRIAN TING D/B/A KLAVIA AND D/B/A KLAVIA.SHOP (collectively, "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

This is a civil action for copyright infringement and related claims arising under the Copyright Act of 1976, 17 U.S.C. §§101 et seq., false designation of origin, and unfair competition under the Lanham Act, and related violations of Delaware law.

1.     Plaintiff is a worldwide book publisher and has invested substantial resources in creating and distributing its protected materials, including copyrighted books and associated images, trademarks, trade dress, and intellectual property rights. The book subject to this complaint is "A NAVY SEAL'S BUG-IN GUIDE". This book has achieved substantial commercial success and consumer recognition, including appearing on Amazon bestseller charts such as #1 in Water Supply & Land Use (Books), #1 in Textbooks (Special Features Stores) and in the Amazon Charts of The Top 20 Most Sold & Most read Books of the Week (Exhibit A).

2.      Defendant having access to the publicly Amazon accolades, intentionally copied Plaintiff's protected materials, in order to benefit from Plaintiffs work, including engaging in the unauthorized reproduction, advertisement, distribution, and sale of counterfeit versions of Plaintiff's book. Defendant's activities occur through online storefronts and internet domains, including but not limited to <https://klavia.shop> and Shopify storefronts, and directed toward consumers in the United States (Exhibit B). Defendant's conduct occurs in and substantially affects interstate commerce within the meaning of the Lanham Act, 15 U.S.C. §1125.

3.      Through this action, Plaintiff seeks to protect its intellectual property rights and prevent further infringement and consumer deception. Plaintiff seeks injunctive relief, enhanced statutory damages for willfulness, actual damages, attorneys' fees, and all other relief the Court deems appropriate.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, including the Copyright Act and Lanham Act.

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), which grants federal district courts original jurisdiction over actions relating to copyrights.

6.      This Court also has jurisdiction under 15 U.S.C. § 1121 for actions arising under the Lanham Act; the Court has supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367; and venue is proper in this District pursuant to 28 U.S.C. § 1391.

7.      Defendant has expressly consented to the jurisdiction of the United States District Court for the District of Delaware by submitting DMCA counter-notice in response to Plaintiff's takedown request. In those counter-notice, Defendant expressly agreed to accept service and submit to jurisdiction in the District of Delaware if litigation were filed.

## THE PARTIES

8.    Plaintiff GLOBAL BROTHER SRL is a Romanian Societate cu Raspundere Limitata organized under the laws of Romania with its principal place of business at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania.

9.    Defendant BRIAN TING is an individual who, according to his DMCA counter-notice, lists an address at 408c Northshore Drive, #19-218, Singapore, SG 823408 (Exhibit C).

10.    Defendant operates websites and online storefronts including but not limited to: https://klavia.shop, and elated Shopify storefront listings. These websites and storefronts advertise and sell unauthorized copies of Plaintiff's book "A NAVY SEAL'S BUG-IN GUIDE" to consumers in this District (see, Exhibit B).

## FACTUAL BACKGROUND

11.    Plaintiff is the exclusive owner of all rights, title, and interest in and to its book "A NAVY SEAL'S BUG-IN GUIDE" (the "Work") based on, but not limited to, common law trademark rights and United States copyright registrations, protecting its ownership and exclusivity to the Work's text, artwork, and cover design. See for example, U.S. Copyright registration nos. TX 9-423-763 and VA 2-454-269 (Exhibit D).

12.    Plaintiff's Work includes distinctive tradedress represent protectable trademark rights to "A NAVY SEALS BUG-IN GUIDE" which further comprises a cover displaying the name JOEL LAMBERT at the top in white uppercase letters, followed by the title A NAVY SEALS BUG-IN GUIDE in large bold white uppercase text across two lines, all set against a black background overlaid with a pattern of thin green horizontal and vertical grid lines; the center of the cover contains a large green binocular-shaped graphic formed by two overlapping circles, within which appears a green-tinted nighttime image of a house with illuminated windows, a

3

sloped roof, an elevated deck or balcony, exterior stairs, surrounding trees, and a dark outdoor setting, together with faint numerical markings including 12, 145, 175, 201, 244, 281, and 305; above and below this central image are small green outline icons depicting preparedness- and security-related items, including a fuel or liquid container, batteries, a flashlight, a hanging light or lantern, a canned good, hand tools including a shovel, a first-aid kit, a radio or communication device, a security camera, and a stack of cylindrical materials; at the bottom, the subtitle appears in white uppercase text reading HOW TO TURN YOUR HOUSE INTO THE SAFEST PLACE ON EARTH, with the final line presented in larger and bolder type.



13.    Plaintiff's Work has been extensively used, marketed, distributed, and sold in the United States since at least as early as June 2024, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable

rights in the Work not limited to the title, book content, artwork, designs, and dress of the underlying book.

14.     Beginning in March 2026, Plaintiff discovered Defendant was advertising and selling counterfeit versions of "A NAVY SEALS BUG-IN GUIDE" through websites including < https://klavia.shop/ > (see, Exhibit B). The infringing website reproduces Plaintiff's copyrighted works, including the book cover and interior pages, and prominently display Plaintiff's trademark. Not only is the use unauthorized, but it is likely to cause consumer confusion as to the source, sponsorship, or affiliation.

15.     The fact that the Defendant's unauthorized use includes identical reproductions of Plaintiff's Work, it demonstrates Defendant did not create any new material, but intentionally sought to use Plaintiff's Work without authorization, and mislead consumers, in order to profit from Plaintiff's labors, the acquired distinctiveness in the Work and associated goodwill.

16.     To safeguard its intellectual property rights and mitigate consumer confusion, Plaintiff filed a Digital Millennium Copyright Act (DMCA) takedown notice with Shopify regarding the unauthorized use (Exhibit E). Following the foregoing DMCA complaint, the Defendant's infringing advertisement/listing in Exhibit B is suspended, temporarily.

17.     On or about the March 20, 2026, the Defendant filed a Counter-Notice, falsely claiming that the takedown was in error and asserting a "good faith belief" that Defendant's actions were lawful (see, Exhibit B). Under Shopify's policy, subject to the DMCA, Defendant's infringing advertisement may now be reinstated unless Plaintiff files a federal lawsuit. Plaintiff has since written Defendant notifying its exclusive rights and requesting the counter notice be withdrawn to avoid a lawsuit, but to no avail.

18.    Defendant's actions demonstrate willful and deliberate attempts to profit from Plaintiff's goodwill. And, because the counter notice remains pending, Defendant's actions leave Plaintiff no alternative but to initiate this lawsuit to prevent the listing from being reinstated and avoid ongoing harm.

## CLAIMS FOR RELIEF

## COUNT I

## COPYRIGHT INFRINGEMENT

### [17 U.S.C. § 501]

19.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20.    Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the Work, its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted materials.

21.    Defendant, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before March 2026, to the present. Acts of infringement occurred after the Plaintiff received its copyright registration.

22.    Defendant's actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendant's infringing activities.

23.     As a direct and proximate result of the Defendant's infringing acts, the Plaintiff has suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff who has no adequate remedy at law.

24.     Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

## <u>COUNT II</u>

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

### [15 U.S.C. § 1125(a)]

25.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

26.     Plaintiff owns enforceable trade dress rights in the Work and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiffs Trademarks").

27.     The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by Defendant.

28.     Plaintiff's Trademarks are inherently distinctive and/or has acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

29. Defendant's unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

30. As a direct and proximate result of the foregoing acts, the Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial; and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendant's unfair competition.

31. Plaintiff seeks damages, including Defendant's profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition and other relief as appropriate to cure harm for which there is no adequate remedy at law. And because Defendant's acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## COUNT III

### MISREPRESENTATION, COUNTER-NOTICE

### [17 U.S.C. § 512(F)]

32. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33. Defendant knowingly and materially misrepresented their rights to distribute and display the infringing books in the counter-notice.

34. Defendant's false assertions in the counter-notices constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

35.    As a result of Defendant's misrepresentations, Plaintiff has suffered and will continue to suffer damages, including but not limited to costs and attorneys' fees incurred in addressing Defendant's unlawful conduct including but not limited to having to file this complaint.

## COUNT IV

## VIOLATIONS OF DELAWARE

## DECEPTIVE TRADE PRACTICES ACT

## [6 *Del. C.* § 2531 et seq.]

36.    Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

37.    Delaware's Deceptive Trade Practices Act (DTPA), 6 Del. C. § 2531 et seq., prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. The statute is designed to protect consumers and legitimate business entities from harm caused by unfair business practices and deceptive trade acts.

38.    Defendant engaged in conduct that violates 6 Del. C. § 2532(a) by advertising, offering for sale, selling, distributing, and attempting to distribute counterfeit and unauthorized versions of Plaintiff's books. This conduct is unfair and deceptive at least because,

a.    Deceptive Representation of Origin: Defendant deliberately replicated the works, titles, texts, trade dress, and designs of Plaintiff's books, misleading consumers into believing the infringing books are affiliated with, authorized by, or a genuine product of Plaintiff.

b.    False and Misleading Advertising: Defendant used deceptive advertisements that prominently displayed and published Plaintiff's registered copyrights,

9

in support of procuring unauthorized sales of counterfeit versions of Plaintiff's books, creating confusion among consumers about the source and quality of the product.

c.    Use of a Knockoff Product to Mislead Consumers: Defendant unauthorized books mimic Plaintiff's distinctive trade dress and design and allows Defendant to unlawfully capitalize on the goodwill, reputation, and established consumer trust associated with Plaintiff's genuine books.

d.    Intentional Consumer Confusion: Defendant's tactics were designed to confuse consumers while evading detection by Plaintiff and online platforms.

e.    Harm to Consumers: Consumers who purchased the infringing books received a counterfeit product that was not authorized or endorsed by Plaintiff and priced with the intention of causing consumers to suffer financial loss and diminished trust in Plaintiff's brand.

39.    To preserve the integrity of evidence, Plaintiff seeks an injunction to preserve all potentially relevant electronic evidence, including, but not limited to:

a.    Data from Shopify accounts, including sales records, customer communications, and financial transactions related to the infringing books;

b.    All financial records connected to the infringing books, including revenue, expenses, and profit calculations;

c.    Design files, production records, and any related communications concerning the development or manufacture of the infringing books;

d.    Customer communications and data, including complaints, inquiries, or feedback regarding the infringing books;

e.    Records of supplier and distributor relationships, including financial data

10

and agreements.

40.     As a direct and proximate result of Defendant's acts and practices, Plaintiff has suffered significant harm, including but not limited to loss of sales and market share due to diverted business, damage to reputation and goodwill, and consumer confusion that undermines trust in Plaintiff's authentic products.

41.     Plaintiff is entitled to recover actual damages incurred as a result of Defendant's unfair competition, including compensation for lost revenue, reputational harm, and other economic injuries. Given the willful and knowing nature of Defendant's conduct, Plaintiff is entitled to treble damages.

42.     Plaintiff further seeks equitable relief under Delaware law, including injunctive relief pursuant to 6. Del. C. § 2533(a) to prevent Defendant from engaging in further deceptive and unfair practices. Such relief is necessary to safeguard Plaintiff's business interests and to protect consumers from ongoing harm.

43.     Pursuant to 6 Del. C. § 2533(b), Plaintiff also seeks recovery of its attorneys' fees and costs incurred in prosecuting this action, as Defendant's conduct constitutes a willful and knowing violation of the State laws.

**COUNT V**

**UNJUST ENRICHMENT**

44.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     By capitalizing on Plaintiff's intellectual property and goodwill, Defendant unjustly obtained and continues to obtain benefit, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by avoiding investment in original design, marketing, and

11

branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

46.     Plaintiff has suffered and continues to suffer significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion; and Diminished goodwill in the marketplace.

47.     Plaintiff's loss is a direct and proximate result of Defendant's conduct in capitalizing on Plaintiff's intellectual property and goodwill.

48.     There is no justification for Defendant's conduct. Plaintiff never authorized Defendant to use its intellectual property or to benefit from its reputation and goodwill. In addition, Defendant knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Prior to filing a counter-notice, the Defendant should have investigated the dispute. Instead, with wanton disregard, Defendant filed a counter-notice, acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge it had no right to do so.

49.     Plaintiff has no adequate remedy at law to compensate it for the detriment caused by Defendant's conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant as follows:

a.     Permanent injunctive relief prohibiting Defendant from further infringing, unfairly competing, and from further ongoing deceptive practices;

b.     Statutory damages under the Lanham Act and Copyright Act;

c.     Actual damages, including lost profits and compensation for reputational

harm;

d.      Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117;

e.      Disgorgement of Defendant's profits from infringing activities;

f.      Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117, 17 U.S.C. § 505, and/or 6 Del. C. § 2533(b);

g.      An order requiring the destruction or forfeiture of all infringing materials in Defendant's possession custody or control;

h.      Restitution for unjust enrichment under Delaware law;

i.      Pre-judgment interest at the maximum legal rate;

j.      Post-judgment interest at the maximum legal rate;

k.      Awarding Plaintiff the costs of this action; and

l.      All other and further relief the Court deems just and equitable.


Dated: April 9, 2026

SMITH, KATZENSTEIN & JENKINS LLP

*/s/ Daniel A. Taylor*
Neal C. Belgam (No. 2721)
Daniel A. Taylor (No. 6934)
1000 N. West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
nbelgam@skjlaw.com
dtaylor@skjlaw.com

*Counsel for Plaintiff Global Brother SRL*